```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**LESLIE JOE NANCE,**

    Plaintiff

v.                                     Civil Action No. 2:02-0266

**KENTUCKY NATIONAL
INSURANCE COMPANY**

    Defendant

### MEMORANDUM OPINION AND ORDER

The matter before the court arises on defendant's objections and exceptions to the November 19, 2004, order of the United States magistrate judge, filed November 30, 2004.

### I.

Plaintiff Leslie Joe Nance, by counsel, filed on November 1, 2004, a motion for default judgment based on defendant's alleged failure to produce two witnesses for deposition in violation of standing court orders[1], failure to

---

[1] Specifically, the August 5, 2004, scheduling order entered by the district judge; and the August 12, 2004, discovery order entered by the magistrate judge. These orders were directed to both parties, instructing that the parties must diligently comply with the scheduling order of the court, and in working through discovery.

respond to plaintiff's inquiries about the claims file, and failure to meaningfully participate in mediation. He filed a second motion for default judgment on November 5, 2004, alleging that defendant failed to appropriately participate in a court-ordered settlement meeting in that counsel was late and was not accompanied by a representative of Kentucky National Insurance Company. Hearings were conducted before the United States magistrate judge, who entered a memorandum opinion and order on November 19, 2004.

In the November 19, 2004, order, the magistrate judge wrote that defendant

> thwarted every attempt to conduct the depositions [of Bill Plucinski and Charles Adams] and never responded to [p]laintiff's requests for the personnel files. Kentucky National's conduct surrounding the depositions of Plucinski and Adams appears to be a concerted effort to prevent [p]laintiff from deposing Kentucky National's witnesses, in violation of [court] orders entered August 5 and 12, 2004.

(Mem. Opinion and Order at 14.) She found that defense counsel's conduct with regard to mediation and settlement was "unprofessional and lacking in courtesy" and that defendant "demonstrated a lack of sincere interest in settling the case" but that counsel did not violate any court order with respect to settlement negotiations. (<u>Id.</u>)

2

The magistrate judge declined to enter default judgment on either motion; however, she found that defendant's behavior amounted to a bad faith failure to comply with discovery orders sufficient to warrant sanctions.  (Mem. Opinion and Order at 15-22.)  In particular, the magistrate judge ordered that Plucinski and Adams be produced for deposition at a time and location determined solely by plaintiff's counsel, with defendant to bear all expenses; that defendant produce the personnel files of Plucinski and Adams at least 36 hours prior to their scheduled depositions; that, if plaintiff chooses to call Plucinski and Adams at trial, defendant is precluded from cross-examination of those witnesses; that defendant may not offer into evidence certain documents from the claims file; that plaintiff is relieved from his Rule 26(a)(2)(B) obligation under the Federal Rules of Civil Procedure to produce any expert witness reports, or proffer information as to the opinions of his expert witnesses; that defendant is precluded from deposing plaintiff's experts; that defendant pay plaintiff's reasonable costs and attorney fees associated with his first and second motions for default judgment; and that defendant pay reasonable fees and costs for C. William Davis, counsel for former defendant Nationwide, who at plaintiff's request attended the hearing on

plaintiff's first and second motions for default.  Defendant also was warned that "further failure to participate in discovery and to abide by the court's orders could result in an entry of default judgment."  (Id. at 15.)

Defendant filed its objections and exceptions to the magistrate judge's order on November 30, 2004, stating generally that the magistrate judge's order was "clearly erroneous with respect to the circumstances surrounding the disputed discovery and [an abuse of] discretion with respect to the sanctions imposed."[2]  (Def. Obj. at 1.)  Specifically, it asserts first that the magistrate judge was incorrect in finding that it refused to produce Plucinski for deposition, and in finding that it had the ability to produce Charles Adams, who it informed the magistrate judge at the hearing on November 16, 2004, is not an employee of defendant, and whose status as a former employee is now said to have been known by plaintiff since at least March 19, 2004.  (Id. ¶¶ 6-7; See also Hrg. Tr. at 12; March 19, 2004 correspondence from plaintiff's counsel to defendant's counsel,

---

[2]   Within its objections, defendant moved for "a stay of any further discovery" until the court considered its objections. His request was withdrawn in a telephonic conference with plaintiff's counsel and the district judge on November 30, 2004, as set forth in the court's order entered the following day.  A transcript of that conference was filed in this action on December 6, 2004.

4

appended as Exh. H to Def. Reply.)  The defendant neglects to note that during the hearing of November 16th , he stated four times that he agreed to make Charles Adams available.  (Hrg. Tr. at 12, 19, 22, and 44.)

The defendant next argues that defense counsel informed the magistrate judge during a telephone conference on November 29, 2004, that it would be extreme hardship for Plucinski to appear for deposition in Huntington on November 30, 2004, as fixed by plaintiff's counsel following the November 19th order, because of various family medical problems and air travel challenges, but that the magistrate judge directed Plucinski appear for the deposition as fixed by plaintiff's counsel, thereby abusing her discretion.  (Id. ¶ 8-10.)  The defendant adds that it does not possess the personnel files of either Plucinski or Adams, and thus has no ability to produce those files.[3]  (Id. ¶ 13.)  Finally, defendant asserts that there are not significant gaps in the claims file as indicated by the magistrate judge, but rather that a privilege log reflects,

---

[3]     Defendant produced the personnel file of Bill Plucinski to the district judge for review on December 1, 2004, and all documents contained therein have been filed under seal in this civil action.  It, thus, appears that defendant's representation that he did not have access to that personnel file is inaccurate.

5

respectively, seventeen and twenty documents for the two time periods in question, and a redacted activity report and notes, all of which were ruled privileged by the court. (Id. ¶¶ 17, 19-24.) Apparently parcel to that argument, defendant states that several attorney invoices, which plaintiff asserted had been improperly redacted by defendant were in fact redacted by the magistrate judge based on the defendant's assertion of attorney-client privilege. (Id. ¶¶ 25-29.)

At a telephonic hearing before the magistrate judge on November 29, 2004, defendant advised that Charles Adams, a resident of Cherry Hill, New Jersey, no longer was employed by defendant. (Hrg. Tr. at 16.) The magistrate judge told plaintiff's counsel that the court had no authority to require Adams to appear in Huntington, West Virginia for a deposition, and plaintiff's counsel responded that "Kentucky National agreed to produce Mr. Adams," but further indicated that he was "not looking for any sanctions with respect to [him]." (Hrg. Tr. at 17.)

By order entered December 9, 2004, the magistrate judge vacated the sanction set forth in her November 19, 2004, order related to alleged gaps in the claims file. She wrote that defendant's "failure to respond to [p]laintiff's repeated

6

inquiries about possible gaps in the claims file, while rude and unprofessional, did not violate any orders of this court" and thus was not subject to sanctions. (December 9, 2004, Order at 3-4.) In addition, it appears that the magistrate judge had formerly ruled that many documents at issue for the time period in question were protected by either the work product doctrine or the attorney-client privilege doctrine, or both. (Orders entered January 15, 2004; January 27, 2004; and May 4, 2004.) Nevertheless, no changes in the sanctions imposed on the defendant by the November 19th order were made by the magistrate judge.

II.

Magistrate judges have broad discretion in resolving discovery disputes, and a "magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to the law.'" Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W.Va. 1994)(quoting Fed. R. Civ. P. 72(a). Under this standard, "findings of fact will be affirmed unless ... review of the entire record leaves ... the definite and firm conviction that a mistake has been committed." Id. quoting Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985). The determination of whether a magistrate judge's order is

7

dispositive is based not on the relief requested by the parties, but rather the sanction chosen by the magistrate judge. <u>Segal v. L.C. Hohne Contractors, Inc.</u>, 303 F.Supp.2d 790, 794 (S.D. W.Va. 2004).

### III.

#### A.

Defendant asks the court to find that the magistrate judge incorrectly determined that it refused to produce Plucinski and Adams.[4] It "fully acknowledges the difficulties in

---

[4] On December 9, 2004, defendant filed its combined response to plaintiff's fourth motion for default judgment and reply in support of its objections to the November 19, 2004, order of the United States magistrate judge. In its brief, defendant sets out a detailed chronology of factual allegations that, if true, may show that defendant's conduct was not as inexcusable as it appears. He suggests, for example, that plaintiff's counsel was aware as early as March 19, 2004, that Charles Adams no longer worked for Kentucky National inasmuch as plaintiff's counsel penned a letter on that date referring to Adams as defendant's "former employee." (Def. Reply ¶ 14.) He does not dispute, however, that the magistrate judge accurately recited the events occurring after July 6, 2004. (<u>Id.</u>) Defendant also appears to argue in reply that sanctions were not appropriate because plaintiff filed no motion to compel the deposition of Plucinski.

A motion to compel is not required because the Supreme Court has recognized a trial court's inherent power to regulate discovery and "levy sanctions in response to abusive litigation practices." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 632 (1962), <u>rehearing</u> <u>den.</u> 371 U.S. 873 (1961). There, the Supreme Court "denied that Federal Rule of Civil Procedure 41 (b) limits a

scheduling the depositions," and indicates that it made the court aware of medical difficulties and other problems suffered by Plucinski. (Def. Obj. ¶ 30.) It appears, however, that the substantial majority of Plucinksi's personal issues were not communicated to either the magistrate judge or plaintiff's counsel prior to a telephonic conference conducted by the magistrate judge on November 29, 2004, just one day prior to the date for which plaintiff's counsel had scheduled Plucinski's deposition pursuant to the November 19th order. As fully explained in the magistrate judge's order, plaintiff's counsel first requested the deposition of Plucinski in a letter dated July 6, 2004, and several documented requests followed.[5] On the

---

court's power to dismiss for failure to prosecute to instances where a defendant moves for dismissal." Id. The Court wrote: "The authority . . . to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . ." Id. at 630. Because the sanctions imposed by the magistrate judge herein are less severe than "outright dismissal" it cannot be said that the magistrate judge erred in imposing sanctions simply based on the absence of a motion to compel. Roadway Express v. Piper, 447 U.S. 752, 765 (1980). Moreover, the court notes that defendant was given an opportunity to be heard before the imposition of the penalties.

[5] The magistrate judge conducted a hearing on November 16, 2004, at which counsel was given an opportunity to be heard, and the magistrate judge specifically asked counsel whether either party had factual matter to bring to her attention. (Nov. 16, 2004, Hrg. Tr. at 4.) The magistrate judge noted that

eve of one scheduled deposition of Plucinski, defendant's counsel cancelled; and he cancelled another just four days prior to its set date. Plaintiff continued to attempt to secure the deposition well after the court-ordered date for discovery closure, September 15, 2004. Yet, when the parties appeared before the magistrate judge for hearing on plaintiff's first and second motions for default judgment, less than one month prior to their then scheduled trial date, the Plucinski deposition had not been taken.

Though defendant asks the court to determine that the magistrate judge was incorrect in finding it did not "thwart" the deposition of Plucinski, it offers no evidence to indicate that it put forth any effort to produce this witness from July 6, 2004, the first documented date of request, through November 19, 2004, the date of the magistrate judge's order. Defendant offers details only on events surrounding the telephonic hearing conducted by the magistrate judge on November 29, 2004, ten days after the entry of the order from which it appeals. Based on the evidence before her at the time of the entry of the order, the

---

defendant's counsel "has not offered excuses as to the failure to arrange and cooperate in the taking of depositions of Mr. Plucinski and Mr. Adams." (<u>Id.</u> at 14.) Defendant asserted during the hearing that Plucinski and Adams had not been produced because of "scheduling issues." (<u>Id.</u> at 23.)

magistrate judge's opinion is not clearly erroneous in regard to her findings on plaintiff's failure to produce Plucinski.

For this reason, it also cannot be said that the magistrate judge abused her discretion when she ordered that Plucinski appear for deposition at the time and place of defendant's choosing, which was November 30, 2004.  Defendant had then been aware for more than five months that plaintiff desired to take the deposition of Plucinski, and several inquiries were made by plaintiff's counsel as to when that deposition might occur.  (Mem. Opinion and Order at 5-7.)  At one point, the record shows, the deposition of Plucinski was scheduled to occur in New York City, presumably at a location more convenient to Plucinski, but defendant's counsel cancelled that deposition because it had not been able to contact Adams, whose deposition also was supposed to occur on that date.  (Id. at 5.)  In short, defendant had several months and opportunities to comply with the discovery directives of the court, and it did not.

Defendant asserts it is unable to produce Adams, who it informed the magistrate judge is not its employee at the hearing conducted November 16, 2004.  (Hrg. Tr. at 12.)  It is unclear when defendant's counsel first informed plaintiff's counsel that it did not employ Adams or, for that matter, whether Adams was in

11

the employ of defendant at any time after plaintiff first requested his deposition.  Defendant does say in a filing on December 9, 2004, that plaintiff knew Adams was a former employee as early as March 19, 2004, and plaintiff has not taken issue with that statement.  Defendant's counsel represented during the hearing before the magistrate judge that it "agreed to obtain mutually convenient dates, times and location for the depositions" both of Plucinski and Adams.  (Id. at 7.)

If Adams has not been in the employ of defendant throughout the course of this litigation, defendant has had no obligation, and presumably no ability, to produce him for deposition.  It appears, however, that defendant's having made representations that Adams would be produced were more harmful than helpful during this process.

The magistrate judge's factual findings, based as they necessarily were on the record before her, are not clearly erroneous save for the references to gaps of time in the claims file and to privileged documents.  It is also observed that the defendant's repeated agreement to produce Charles Adams for deposition even though he was not an employee led the magistrate judge to order his appearance as part of the November 19th order; but when the defendant reneged on its agreement, the magistrate

12

judge stated in the November 29th telephonic hearing that the court had not authority to require Adams to appear.

B.

Limitations on the court's power to levy sanctions are contained in Rule 37(b)(2), which requires that the sanction is "just" and specifically relates to the particular claim at issue in discovery.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982).

The facts recited in the magistrate judge's November 19, 2004, order, aside from those found to be erroneous, demonstrate dilatory behavior and disregard deserving of sanctions sufficient to deter such actions hereafter. Defendant's punishment, however, was fashioned in part based on its having withheld claims file documents and a failure to respond to discovery requests about those materials.  But the magistrate judge has abandoned her finding on that issue, and it appears documents responsive to plaintiff's discovery requests were ruled privileged from disclosure after having been described in a privilege log that was provided to plaintiff's counsel. Further grounds for defendant's penalty included its failure to produce Adams for deposition, though it is not clear that Adams

13

was defendant's employee at any time after plaintiff requested his deposition, and plaintiff knew as early as March 19, 2004, that Adams was not an employee of defendant.  Although defendant was remiss in failing to inform plaintiff that the witness was beyond its control and that it could not make good on its agreement to produce him, it cannot be ignored that Adams was, indeed, outside its control.  Consequently, the cumulative picture of defendant's wrongdoing is not as severe as it may first have seemed.

Though application of Rule 37 is within the discretion of the trial court, considerations of sanctions nevertheless must comport with the requirements of due process.  See <u>Societe Internationale Pour Participations Industrielles et Commerciales, S.A., v. Rogers</u>, 357 U.S. 197 (1958).  See also <u>Cal Dive International, Inc. v. M/V Tzimin</u>, 127 F.R.D. 213, 215 (D. Ala. 1989)("The exclusion of available evidence is a severe remedy raising substantial constitutional questions of due process.  The outright denial of a right to introduce evidence is a sanction which should be imposed with the greatest circumspection, suggesting as always the desirability of limiting the sanction to the least destructive forms.")

In balancing competing interests of the litigants' due process rights and the integrity of the judicial process, the Supreme Court has held that a court must consider: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.  See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); Anderson v. Foundation for Advancement, Educ. & Empl. of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

The magistrate judge determined, and the court agrees, that defendant acted in bad faith.  Plaintiff's counsel represented to the magistrate judge that Plucinski, as well as former employee Adams, were of the highest priority on its list of witnesses, inasmuch as they "made decisions which form the basis of his bad faith claim."  (Mem. Opinion and Order at 4.) Counsel's representation indicates that Plucinski's testimony may be needed to establish the factual history of this case.  And the need for deterrence of the sort of noncompliance in which the defendant has engaged is apparent.  Yet, the disadvantage to

plaintiff of having to depose Plucinski at this late stage is not so great as to warrant denying defendant the right to examine him at trial while allowing plaintiff to do so, nor does it warrant denying defendant information respecting expert witnesses to which it is entitled under the Rules of Civil Procedure, and neither does it justify the evidentiary limitations imposed on defendant at trial.

## IV.

Insofar as the magistrate judge's order of November 19th directs the defendant to produce Plucinski for deposition at defendant's expense at a time and place of plaintiff's choosing and to produce Plucinski's personnel file to defendant at least thirty-six hours prior to the deposition, the order is deemed to have been substantially complied with.  When plaintiff acted pursuant to the order to set Plucinski's deposition for November 30, 2004, in Huntington, defendant asked that the deposition be delayed because Plucinski had encountered personal obstacles by way of medical and family problems as well as air travel scheduling difficulties that precluded his appearance on November 30th.  The district judge conducted a telephonic hearing with counsel for the parties on November 30th at which the plaintiff

16

by his counsel and the defendant by its counsel agreed that Plucinski's deposition would be taken two days later in Huntington at 2:00 p.m. on December 2, 2004, that defendant would forthwith file with the court under seal the personnel records of Plucinski for an <u>in</u> <u>camera</u> review by the court and that the portion of the records found relevant for purposes of this case would be received by plaintiff's counsel by facsimile transmission by 1:45 p.m. on December 2nd. The court received and reviewed the records on December 1st and found that only three pages were relevant and needed to be made available to plaintiff's counsel for the deposition. The court is satisfied that the review of those pages would require no more than a few moments of an attorney's time in order to prepare for the deposition. While the circumstances did not permit compliance with the magistrate judge's order prescribing the submission of the personnel records thirty-six hours prior to the deposition, fifteen minutes prior proved sufficient, assuming the completeness of the file furnished to the court. However, on December 1st, plaintiff's counsel cancelled the deposition in a telephone hearing between counsel and the court, saying that he did not have his schedule before him when he agreed on November 30th to the December 2nd date, and offered the unsubstantiated ground that he had "other things on my calendar tomorrow . . .

17

and so that conflicts with me doing the deposition tomorrow afternoon." It is noted that plaintiff's counsel advised at the November 30th hearing that the deposition may well go into the next day. The court in turn directed counsel to be prepared to go straight through with the deposition which would include completing Plucinski's deposition the day following December 2nd if necessary. No excuse for December 3rd was offered by plaintiff's counsel who chose not to comply with his agreement to go forward with the Plucinski deposition on December 2nd and made no suggestion that the deposition should take place at any other time.

The magistrate judge's order that defendant produce Plucinski for deposition, which is deemed substantially complied with, coupled with the imposition of attorney fees and costs still to be assessed at a time fixed by the district judge, effectively remedies the harm that has been done to plaintiff and sufficiently sanctions the defendant for its noncompliance with the court's orders. To that extent the magistrate judge's order of November 19, 2004, is affirmed. In view of the defendant's withdrawal from its agreement to produce former employee Charles Adams, and in keeping with the pronouncement made by the magistrate judge at the November 29th telephonic hearing that the

18

court thus lacked authority to compel the appearance of Adams, the order is to that extent vacated and set aside.  The order is otherwise vacated and set aside inasmuch as the remaining sanctions relate to discovery, including expert witness reports and expert depositions, and evidentiary matters at trial that would unnecessarily and without sufficient justification deprive the defendant of its right to a fair trial.

It is so ORDERED.  This order is entered without prejudice to plaintiff's pursuit anew of the deposition of each Plucinski and Adams on or before August 31, 2005, for which limited purpose discovery under the Federal Rules of Civil Procedure is extended.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 26, 2005

John T. Copenhaver, Jr.
United States District Judge