UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


LESLIE JOE NANCE,

     Plaintiff


v.                                Civil Action No. 2:02-0266


KENTUCKY NATIONAL
INSURANCE COMPANY


     Defendant



MEMORANDUM OPINION AND ORDER


     This matter is before the court on defendant's
objections and exceptions, filed December 7, 2004, to the
December 1, 2004, order of the United States magistrate judge
wherein the magistrate judge excluded the testimony of Frank
Curnutte, Esq., and Kenneth Hicks, Esq., because they were not
timely identified, but otherwise denied defendant's motion to
exclude several witnesses and other evidence that defendant
argued was not properly disclosed.

     According to the court's scheduling order dated August
5, 2004, discovery in this matter was to be completed by
September 15, 2004, and trial was to be conducted December 13,

2004.  On November 17, 2004, more than two months after the close
of discovery and less than one month prior to trial, defendant
filed in a single document its objections to the Rule 26(a)(3)
disclosures of plaintiff and its motion to strike witnesses,
expert witnesses and exhibits.  Plaintiff responded on November
24, 2004.  In its objections and motion, defendant brought to the
attention of the court, for the first time, allegations of
continuing discovery violations by plaintiff dating to at least
June 30, 2003, the deadline for the parties' initial disclosures
of witnesses, documents, and damages under Rule 26(a)(1) of the
Federal Rules of Civil Procedure.

I.

        The facts before the magistrate judge relating to
defendant's objections were subject to little, if any, dispute by
the parties.  Plaintiff did not challenge defendant's assertions
as to the timing of plaintiff's disclosures.  Rather, he argued
that defendant did not attempt to depose his witnesses or
otherwise seek an order compelling discovery, that his tardiness
directly resulted from defendant's discovery violations and
failures to cooperate, and that the late nature of his
disclosures was "harmless."  The parties did not disagree on the
events leading to defendant's objections, and the magistrate

2

judge understandably did not recount the lengthy chronology. Nevertheless, because defendant argues that plaintiff failed to meet his initial disclosure obligations, as well as his continuing duty to supplement, a brief history of discovery in this case provides a useful background in this evaluation.

On July 1, 2003, the day after the Rule 26(a)(1) deadline set by the court's May 12, 2003, order and notice, plaintiff served on defendant what it represents to be its initial Rule 26(a)(1) and (2) disclosures.  (Pl. Resp., Exh. A.) Plaintiff listed forty-five fact witnesses, one an unnamed "representative of Liberty Mutual Insurance Company."  Plaintiff listed four expert witnesses, including Tom Cady, Conrad Roger Diaz, Robert V. Berthold, and William D. Hager, all of whom plaintiff indicated would testify that both the defendant and then defendant Nationwide Insurance Company had fiduciary and statutory duties to plaintiff, that they violated their statutory duties, and that the "statutory violations occur often enough to constitute a business pattern with the defendants."  (Id.) Plaintiff also disclosed a fifth expert, Daniel Selby, and indicated that Selby would "quantify the present value of any and all of the plaintiff's future damages...."  (Id.)  Plaintiff stated that he would forward a report from Selby at a later date.

3

He said that the opinions of Cady, Diaz, Berthold, and Hager were "preliminary" and he reserved the right to supplement the disclosure.  (Id.)  Plaintiff offered no information pursuant to Rule 26(a)(1)(B)(documents, tangible things) or (C)(computation of damages), and indicated only that his answer would "be supplemented."  (Id.)

Plaintiff supplemented his Rule 26(a)(1) and (2) disclosures on April 9, 2004, with an additional nine fact witnesses and one additional expert witness, Vince King.  (Pl. Resp. Exh. C.)  He provided King's curriculum vitae, but no report.  Inasmuch as plaintiff later withdrew on August 25, 2004, eight of the nine fact witnesses, that is, all but Todd Biddle, an attorney who formerly represented plaintiff in this case, the court will consider those eight no further.  (Pl. Resp. Exh. G.) On August 23, 2004, plaintiff's counsel sent a letter to defendant's counsel by facsimile transmission stating that King was available for deposition on September 1, 2004, in Charleston, West Virginia, and that defendant's counsel should contact plaintiff's counsel before 5 p.m. that same day, August 23rd, if he wished to depose King.  In this supplement, plaintiff offered no further information about the witnesses previously disclosed.

4

On August 24, 2004, twenty-two days before the close of discovery on September 15, 2004, plaintiff again supplemented his disclosures, this time adding nineteen fact witnesses not previously identified.[1]  (Pl. Resp. Exh. D.)  The disclosures were accompanied by a letter from plaintiff's counsel simply stating, "Enclosed are some general business practice witnesses I may call in the above-captioned case.  If you want to depose any of these individuals, let me know."  Plaintiff's supplemental disclosures contained no information regarding Rule 26(a)(1)(B) or (C), related to documentary evidence and computation of damages.

Two days later, August 26, 2004, plaintiff forwarded to defendant's counsel supplemental answers to interrogatories and requests for production of documents, in which he stated that he had not determined what fact witnesses he would call at the trial, but that he would "comply with the court's scheduling

---

[1]     The disclosed witnesses, nine of whom are practicing lawyers, included: Guy R. Bucci, Esq.; Robert P. Fitzsimmons, Esq.; Phillip M. Stowers, Esq.; William M. Tiano, Esq.; Robert B. Warner, Esq.; Charles K. Garnes, Esq.; Robert M. Losey, Esq.; Gregory B. Chiartas, Esq.; Richard Thompson, Esq; Deborah A. Hively; William Hively; Kimberly Adkins; O'Dell Adkins; Teresa Adkins; Rita F. Hawkins; J.R. Hawkins; Nora Ellen Dehart; John R. Conley; and Joe Holstein.

order."[2]  (Pl. Resp. Exh. K.)  He also said that he would call
King, Diaz, and Selby as expert witnesses.  (Id.)  It appears
that no expert witness reports were produced at that time and,
with respect to King and Diaz, plaintiff indicated that "the
exact extent of ... testimony is unknown" because of developments
in case law.  (Id.)  Plaintiff did, however, offer a short
overview of the expected nature of the testimony of each.  (Id.)

On September 15, 2004, the final day of discovery,
plaintiff's counsel sent defendant's counsel a letter by
facsimile transmission inquiring about redacted documents and
whether he should subpoena Martha Brown, defendant Kentucky
National's attorney for the underlying case.  In that letter,
plaintiff's counsel wrote that he was enclosing the report of
Selby, and that he would make appropriate arrangements if
defendant's counsel wished to take the deposition of Selby or any
of plaintiff's expert witnesses.

Plaintiff's Rule 26(a)(3) disclosures were filed on
November 5, 2004.  (Pl. Resp. Exh. B.)  By the court's August 5,
2004, scheduling order, all Rule 26(a)(3) disclosures were to be

_____

[2]     Kentucky National served interrogatories and requests
for production of documents on June 13, 2003, and March 19, 2004.
It is not clear to which set plaintiff was supplementing his
responses.

made at the parties' final settlement meeting, which was to have occurred no later than November 3, 2004.  Plaintiff's disclosures, though some two days late, are deemed sufficiently timely for purposes of this discussion.

In his Rule 26(a)(3) disclosures, plaintiff listed 38 fact witnesses[3], including the nineteen fact witnesses first disclosed on August 24, 2004, and the following eight witnesses not previously disclosed: Kenneth P. Hicks, Esq.; Frank Curnutte, Esq.; Kentucky National employees Mike Pascheiweiz, Charles Adams, and Bill Plucinski; Nationwide employees Beverly Rohrer and Steve Baker; and C. William Davis, Esq., the attorney who

---

[3]     They were: Leslie Joe Nance; Debra Nance; Lisa Cordell; Trooper J. Pace; Officer Michael Broughton; Hon. Martha L. Brown; Hon. Gregory A. Lay; Hon. Robert F. Duncan; Hon. Chris Jenkins; Margie Thomas or other representative of the Workers' Compensation System; Todd Biddle, Esq.; and

Guy R. Bucci, Esq.; Robert P. Fitzsimmons, Esq.; Phillip M. Stowers, Esq.; William M. Tiano, Esq.; Robert B. Warner, Esq.; Charles K. Garnes, Esq. Robert M. Losey, Esq.; Gregory B. Chiartas, Esq.; Richard Thompson, Esq.; and

Deborah A. Hively; William Hively; Kimberly Adkins; O'Dell Adkins; Teresa Adkins; Rita F. Hawkins; J.R. Hawkins; Nora Ellen Dehart; John R. Conley; Joe Holstein; and

Frank Curnutte, Esq.; Kenneth P. Hicks, Esq.; Mike Pascheiweiz; Charles Adams; Bill Plucinski; Beverly Rohrer; Steve Baker; and C. William Davis, Esq.

7

represented former defendant Nationwide in this case.[4]  (Id.)  Of
these 38 fact witnesses, plaintiff included a special notation
for fifteen, indicating that they "also are disclosed as 'expert'
witnesses" to the extent they would testify regarding conduct,
thoughts, and analysis.[5]  (Id.)  He also listed expert witnesses
King, Cady, Diaz, and Selby.  (Id.)  On November 11, 2004,
plaintiff served his portion of the proposed pretrial order on
defendant.  (Pl. Resp. Exh. L.)  In that document, he listed the
same witnesses that were included in the November 5, 2004,
disclosures.  (Id.)

        Defendant alleges that it never received expert witness
reports or other information required by Rule 26(a)(2)(B), and
that it never received Rule 26(a)(1)(B) and (C) information
relating to copies of documents, data compilations and tangible
things, and a computation of damages.  Defendant seeks exclusion
of:

_____

        [4]     Nationwide entered into a settlement agreement with
plaintiff.  Its involvement with this case ended on October 13,
2004, with the court's entry of a dismissal order.

        [5]     The dual fact/expert witnesses included: Hon. Gregory
A. Lay; Hon. Robert F. Duncan; Hon. Chris Jenkins; Todd Biddle,
Esq.; Guy R. Bucci, Esq.; Robert P. Fitzsimmons, Esq.; Phillip M.
Stowers, Esq.; William M. Tiano, Esq.; Robert B. Warner, Esq.;
Charles K. Garnes, Esq.; Kenneth P. Hicks, Esq.; Robert M. Losey,
Esq.; Gregory B. Chiartas, Esq.; Richard Thompson, Esq.; and
Frank Curnutte, Esq.

> (1) Any witness first identified in
>     plaintiff's second supplemental
>     disclosure of August 24, 2004;
> (2) Any expert witness for which a written
>     report was not provided on or before
>     July 25, 2004;
> (3) Any documents, data compilations, and/or
>     tangibles that should have been, but
>     were not, disclosed pursuant to Rule
>     26(a)(1)(B);[6]
> (4) Evidence of damages; and
> (5) Further relief deemed appropriate by the
>     court.

(Def. Obj. at 12-13.)

The United States magistrate judge entered an order on December 1, 2004, in which she ordered two witnesses – Kenneth P. Hicks, Esq. and Frank Curnutte, Esq. – excluded because plaintiff did not disclose either one until serving his Rule 26(a)(3) disclosures just over one month before trial, after the close of discovery.  (Mem. Op. and Order at 12-13.)  The magistrate judge did not exclude other witnesses or grant the remainder of defendant's requested relief, citing inter alia defendant's own bad faith conduct impeding plaintiff's ability to produce expert witness reports, its own delay in seeking relief, and the

---

[6] Before the magistrate judge, plaintiff stated that he disclosed all documents he intends to use at trial in his proposed portion of the integrated pretrial order, submitted to defendant on November 11, 2004.  Defendant since appears to have abandoned his quest for exclusion of the documentary evidence inasmuch as it did not object to the magistrate judge's determination on that matter.

magistrate judge's November 19, 2004, order relieving plaintiff
of his responsibilities with respect to expert witness reports.
(Id. at 7-9.)  That order has since been vacated in that respect.
(July 26, 2005, order at 19.)

Defendant filed objections to the magistrate judge's
order of December 1, 2004, stating that the order was "clearly
erroneous" and that the magistrate judge abused her discretion.
In particular, defendant alleges that the magistrate judge did
not address the untimeliness of plaintiff's August 24, 2004,
disclosure of nineteen added fact witnesses, which was filed only
22 days before the close of discovery; and that she abused her
discretion in not excluding plaintiff's expert witnesses and
failing to exclude testimony of damages.  It further alleges that
the magistrate judge, by separate order dated November 19, 2004,
"severely" sanctioned defendant for discovery violations, and
that her failure to do the same to plaintiff amounts to disparate
treatment evidencing an arbitrary and capricious decision that is
"clearly erroneous and contrary to the law."

Plaintiff filed a response to defendant's objections to
the magistrate judge's decision on December 8, 2004.  He argues
that plaintiff's objections are insufficiently specific to meet
the standard of Rule 72 review, and the court should thus decline

10

to review the decision.  (Pl. Resp. ¶¶ 8-10.)  He goes on to say,
however, that if the court does examine the issue, it should
affirm the ruling of the magistrate judge because the defendant
has not demonstrated that it was prejudiced by plaintiff's late
disclosures (Id. ¶ 18); plaintiff substantially disclosed the
opinions of his experts through discovery, and offered witnesses
for deposition, with no response (Id. ¶¶ 20-21, 23); plaintiff
was unable to provide expert witness reports because defendant
was uncooperative in the discovery process (Id. ¶ 24); and
plaintiff has been unable to provide information about damages
because litigation is ongoing (Id. ¶ 29).

        Defendant filed a reply brief on December 9, 2004.  In
that document, it did not specifically address plaintiff's
arguments but, rather, set out a detailed fact pattern that it
alleges shows it did not act in bad faith during the discovery
process, and that plaintiff failed to seek the court's
intervention on discovery matters prior to September 15, 2004,
the discovery deadline.  (Def. Repl. ¶ 60.)  The court infers
defendant is arguing, as it did in its initial brief, that the
magistrate judge did not deal evenly with the parties in regard
to their discovery disputes.

II.

A.    Review of Magistrate Judge Decisions

Defendant's objections are sufficiently specific to warrant review by the court inasmuch as the defendant has clearly articulated the issues for which it seeks review, if not the factual or legal basis for its objections.  Thus, the court has been informed of the rulings to which defendant takes exception.

Magistrate judges have broad discretion in resolving discovery disputes, and a "magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to the law.'"  Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W.Va. 1994)(quoting Fed. R. Civ. P. 72(a)).  Under this standard, "findings of fact will be affirmed unless ... review of the entire record leaves ... the definite and firm conviction that a mistake has been committed." Id. (quoting Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985)).

As fully explained above, the facts relied on by the magistrate judge were essentially undisputed and she was not required to settle differences of fact.  The decision may be set aside, then, only if the court determines that it is contrary to the law.

12

B.   <u>General Discovery Provisions</u>

Rule 26 of the Federal Rules of Civil Procedure sets out general provisions governing discovery.  The rule was substantially amended in 1993 to facilitate the exchange of information.  The Advisory Committee Notes reflect the purpose of the amendment:

> Through the addition of paragraphs (1)-(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement. The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance, (2) at an appropriate time during the discovery period to identify expert witnesses and provide a detailed written statement of the testimony that may be offered at trial through specially retained experts, and (3) as the trial date approaches to identify the particular evidence that may be offered at trial.

Rule 26(a) thus appears to serve the interest of judicial economy by providing for an immediate start to relevant discovery.  Rule 26(a)(1)(E) expressly provides that a party make its initial disclosures "based on the information then reasonably available to it and is not excused from making its disclosures because it has not completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or

because another party has not made its disclosures."  Parties are under a continuing duty to supplement their Rule 26(a) disclosures in accordance with Rule 26(e).

III.

A.  Disclosure of Fact Witnesses

        Defendant objected before the magistrate judge to plaintiff's Rule 26(a)(3) disclosures, filed November 5, 2004, on the grounds that eight of the fact witnesses contained therein had never before been disclosed[7], nineteen were first disclosed on August 24, 2004[8], and none of them were also disclosed as expert witnesses until November 5, 2004.  The magistrate judge ordered two of those witnesses, Frank Curnutte, Esq. and Kenneth P. Hicks, Esq., excluded because they were first disclosed in the November 5, 2004, Rule 26(a)(3) disclosures.  She declined to exclude the remaining six witnesses that had not been disclosed by plaintiff because three were employees or former employees of

_____

        [7]    These witnesses included Kenneth P. Hicks, Esq.; Frank Curnutte, Esq.; Mike Pascheiweiz; Charles Adams, Bill Plucinski, Beverly Rohrer, Steve Baker, and C. William Davis, Esq.

        [8]    Plaintiff does not assert that the August 24, 2004, fact witness disclosures were timely.  Instead, he states that the magistrate judge found defendant "never indicated how it was prejudiced by any late disclosures."  (Pl. Resp. ¶ 18.)

14

defendant that reasonably could have been expected to testify, two were Nationwide employees disclosed by Nationwide when it still was a party to this action, and one could not have been disclosed earlier because he was counsel for Nationwide in this action.  Defendant does not assign error to the magistrate judge's order on these six witnesses.

Defendant's objection to the magistrate judge's order is made with respect to the nineteen witnesses first identified August 24, 2004, which plaintiff characterizes as "general business practice witnesses."  It asserts that plaintiff did not provide information identifying the subject matter about which the witnesses were to testify, and plaintiff did not supplement previous discovery responses with respect to the identities of these witnesses.  It states that it has suffered unfair surprise and prejudice because those nineteen witnesses were first identified 22 days before the close of discovery, and that the magistrate judge was "clearly erroneous" in failing to address the "late disclosure."

Pursuant to Rule 26(a)(1)(A), the parties should provide to one another, without awaiting a discovery request:

> the name and, if known, the address and
> telephone number of each individual likely to
> have discoverable information that the

15

> disclosing party may use to support its
> claims or defenses, unless solely for
> impeachment, identifying the subjects of the
> information...

The court's May 12, 2003, order and notice set the deadline for

Rule 26(a)(1) disclosures for June 30, 2003, in accordance with

Local Rule 3.01(a), which mandates that those disclosures be made

not later than thirty days after the parties' Fed R Civ P 26(f)

and LR Civ P 2.01(b) meeting.  In addition, a party is required

by Rule 26(a)(3)(A) to provide the following information

regarding its witnesses:

> the name and, if not previously provided, the
> address and telephone number of each witness,
> separately identifying those whom the party
> may call if the need arises.

By the court's order of August 5, 2004, the Rule 26(a)(3)

disclosures were due to be provided by November 3, 2004.  The

Advisory Committee Notes indicate that Rule 26(a)(3) disclosures

are derived from the initial disclosures list, in that the rule

provides "early in the case to exchange information regarding

potential witnesses ... and ... as the trial date approaches to

identify the particular evidence that may be offered at trial."

The nineteen "general business practice" witnesses at

issue were first disclosed on August 24, 2004, two and a third

months before the Rule 26(a)(3) deadline, but nearly 14 months

after the deadline for initial disclosures.  Although nine of the nineteen were lawyers, the magistrate judge determined that none of the nineteen were "experts" as defined by Rule 26(a)(2)(B) and she concluded that plaintiff was thus not required to produce a report of their expected testimony.  From the group of eight fact witnesses, she had ordered only the exclusion of witnesses Curnutte and Hicks, both lawyers, because plaintiff offered no "substantial justification" for his failure to sooner disclose those witnesses.  The magistrate judge did not address, however, plaintiff's failure to justify his quite belated initial disclosure of the nineteen additional fact witnesses.

A party who "without substantial justification fails to disclose information required by Rule 26(a) . . . or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use such evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed R Civ P 37(c)(1).  Based on the Advisory Committee notes of Rule 26 indicating that final disclosures are a narrowing of the initial disclosures, which in this case apparently should have been made on June 30, 2003, in accordance with the local rules, these nineteen witnesses were not timely identified.  The late disclosure is in direct

contravention of the purpose of Rule 26 to facilitate efficient discovery.

It cannot be said that such wholesale tardy disclosure is harmless.  Only harmlessness saves a party from the exclusion provision of Rule 37(c)(1) where there is no substantial justification for failure to disclose.  There is no indication that defendant had even a hint of the identity of these nineteen witnesses prior to their disclosure, and its counsel would have been left to conduct any discovery related thereto in the span of the twenty-two days remaining for discovery, while also engaging in other discovery and trial preparation efforts.  Though plaintiff indicated he was willing to allow depositions of the witnesses, the logistics of making such arrangements for such a large group of witnesses at such a late date are needlessly complex and burdensome and largely impractical.  Moreover, plaintiff has neither explained the importance of these particular witnesses, nor has he attempted to explain why his disclosures were not earlier made or supplemented.  These factors all weigh in favor of the exclusion of nondisclosed evidence. Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

18

While plaintiff had a firm deadline, June 30, 2003, for initial disclosures, and a firm deadline, November 3, 2004, by which to complete Rule 26(a)(3) disclosures, the rule does not provide a final deadline for the supplementing of initial disclosures.  The 1993 Advisory Committee Notes warn, however, that "litigants should not indulge in gamesmanship with respect to the disclosure obligations."  It is difficult to imagine that any cause other than gamesmanship prevented the earlier disclosure of the nineteen witnesses.  Sanction is directed under Rule 37(c)(1), which states that a "party that without substantial justification fails to disclose information ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... information not so disclosed."  Such a sanction may seem harsh given the lack of a firm deadline for final supplementation, but more than a year passed after the initial disclosure deadline and plaintiff has not offered any explanation for the delay.  The court has a duty to ensure that litigants honor the purpose and spirit of Rule 26.  Plaintiff has not honored that purpose and has failed to make proper disclosures initially or by supplementation under Rule 26(a)(1).

B.    <u>Disclosure of Expert Witnesses</u>

Defendant states that it has received limited signed, written reports by expert witnesses Selby and Diaz, but it has not received any other reports or information for the remaining expert witnesses as required by Rule 26(a)(2).[9]  Plaintiff asserts that he "substantially disclosed his expert witnesses' opinions throughout discovery with the use of interrogatories and witness disclosures."  Defendant objects to the failure of plaintiff to provide the required Rule 26(a)(2) reports and asserts it is prejudiced by the magistrate judge's decision to not exclude testimony of plaintiff's expert witnesses.

In making Rule 26(a)(2) disclosures, the parties are to disclose the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 704 of the Rules of Evidence.  Rule 26(a)(2)(B) provides that:

> ... this disclosure shall, with respect to a
> witness who is retained or specially employed

------

[9]    A letter written by plaintiff's counsel reflects that Selby's report was provided on September 15, 2004.  It is not apparent when defendant received Diaz's report, but it appears to have been provided long after the close of discovery, inasmuch as plaintiff as of November 24, 2004, did not dispute defendant's earlier assertion that only Selby's report was provided.  (<u>See</u> Pl. Resp., filed November 24, 2004, to defendant's objections to plaintiff's Rule 26(a)(3) disclosures and motion to strike witnesses and exhibits, ¶ 24 <u>et</u> <u>seq</u>.)

> to provide expert testimony in the case or
> whose duties as an employee of the party
> regularly involve giving expert testimony, be
> accompanied by a written report prepared and
> signed by the witness.  The report shall
> contain a complete statement of all opinions
> to be expressed and the basis and reasons
> therefor; the data or other information
> considered by the witness, including a list
> of all publications authored by the witness
> within the preceding ten years; the
> compensation to be paid for the study and
> testimony; and a listing of any other cases
> in which the witness has testified as an
> expert at trial or by deposition within the
> preceding four years.

The Local Rules of Civil Procedure require that the party bearing

the burden of proof make his initial disclosures of expert

witnesses at least sixty days prior to the close of discovery.

LR Civ P 3.01.  The other party follows with his expert

disclosures forty days prior to close of discovery and rebuttal

experts are to be named twenty days prior to close of discovery.

Id.

Parties who do not comply with the disclosure

requirements of Rule 26(a)(2) and Local Rule 3.01 bear the risk

of the automatic exclusion sanction of Rule 37(c)(1), as there is

"no need for an order compelling discovery as a prerequisite to

imposition of sanctions..."  Wright & Miller, Federal Practice

and Procedure § 2050 "Sanction for Breach of Duty" (2004).  It is

thus not necessary that the party dissatisfied with the disclosure move the court for an order to compel.  1993 Advisory Committee Notes.  Litigants should be as complete and thorough as reasonably possible in making and supplementing disclosures.

The First Circuit Court of Appeals has emphasized that a "detailed and complete" expert report serves to "minimize the expense of deposing experts and to shorten direct examination and prevent an ambush at trial."  <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de P.R.</u>, 248 F.3d 29, 35 (1st Cir. 2001).  A party's failure to include information specifically required by Rule 26(a)(2)(B) "frustrates the purpose of candid and cost-efficient expert discovery."  <u>Id.</u>  The court wrote that ". . . plaintiffs' failure to comply with the automatic disclosure rule of Rule 26(a) was both without substantial justification and not harmless, [and the district court appropriately] sanctioned the plaintiffs by excluding their expert testimony entirely, a harsh sanction to be sure, but one that is nevertheless within the wide latitude of the rule."  The Seventh Circuit Court of Appeals also has discussed the importance of complete disclosure.  The "incentive for total disclosure" is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule

37(c)(1). <u>Salgado by Salgado v. GMC</u>, 150 F.3d 735, 742 (7th Cir.

1998)(<u>quoting</u> Richard M. Heimann & Rhonda L. Woo, Import of

Amended Federal Rule of Civil Procedure 26(a), 506 PLI/Lit 279,

293 (July-Aug. 1994)).  The court said:

> It is the responsibility of the attorney to
> ensure that the expert's report contains
> complete opinions that are properly and thoroughly set forth and
> parties to eliminate surprise, avoid unnecessary depositions and
> reduce costs . . . Without such completeness, counsel and the
> party he represents risk the imposition of sanctions under Rule
> 37.

<u>Id.</u>

In his initial disclosures on July 1, 2003, plaintiff

listed Cady and Diaz as expert witnesses.  The entirety of the

disclosure for each witness indicated that he had

> reviewed copies of the complaint filed in
> this case, copies of the discovery responses
> of the defendants and depositions taken to
> date. ...His opinions are based on a review
> of this material and his education, training,
> experience and expertise in the practice of
> law. [He] is expected to testify that
> [defendant] violated [its] statutory duties
> to [plaintiff, including] failure to conduct
> a timely and thorough investigation, failure
> to properly document their files, and failure
> to make a reasonable settlement offer within
> a reasonable period of time from when
> liability became reasonably clear. [He] is
> expected to testify that these statutory
> violations occur often enough to constitute a
> business pattern. ...that [defendant] also
> breached [its] common law duty of good faith
> and fair dealing.

Plaintiff indicated that the opinions were "preliminary."  Selby
also was identified in the initial disclosure.  (Pl. Rule
26(a)(1) and (2) Disc., filed July 1, 2003.)

On September 23, 2003, plaintiff responded to
defendant's interrogatories, indicating that he had not
determined what expert witnesses he would call.  Later, in his
supplemental disclosures, filed April 12, 2004, plaintiff
provided a curriculum vitae for King, but no other information.
On August 26, 2004, plaintiff filed supplemental responses to
interrogatories in which he named King, Diaz, and Selby as expert
witnesses.  With respect to King and Diaz, he indicated that

> [i]n light of new case law ... the exact
> extent of ...testimony is unknown.  However,
> it is anticipated that [he] will testify that
> [defendant] breached its obligation of good
> faith and fair dealing when [it] attempted to
> create issues of on (sic) their insured ...
> when [it] knew in fact that liability is
> reasonably clear. . .[He] may comment on what
> the standards for practice of a reasonably
> prudent adjuster requires regarding
> investigation and evaluation of this claim.
> It is anticipated that [he] will testify that
> the investigation of this claim was not
> appropriate. [He] will also testify that the
> evaluation of this claim was not appropriate.
> [He] will also testify that [defendant]
> violated good faith and fair dealing.

The information provided by plaintiff as set forth
above does not meet the requirements of Rule 26(a)(1)(B)

24

requiring a report signed by the expert that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor" and the data or other information considered by the witness, along with a list of the publications authored by the witness, the compensation to be received, and a listing of any other cases in which the witness has testified.

Plaintiff asserts that he was unable to provide expert witness reports because of defendant's noncooperation in discovery, and that he was properly relieved of his obligation to provide expert witness reports by prior order of the magistrate judge.  The magistrate judge's order relieving plaintiff of that responsibility, since vacated, was not entered until November 19, 2004.  Under the Local Rules of Civil Procedure, plaintiff ought to have complied with his Rule 26(a)(2) disclosure requirements at least sixty days before the close of discovery, or July 17, 2004.  LR Civ P 3.01(b)(1).  Furthermore, plaintiff cannot rely on his claim of another party's recalcitrance to excuse his own misconduct.  At no time did plaintiff seek an order of the court compelling the depositions of Bill Plucinski and Charles Adams, whom he asserts possessed information necessary for preparation of his expert witnesses' reports.[10]  Unlike Rule 37(c)(1)

─────────────────────

[10]    Plaintiff's counsel withdrew from an agreement to take the deposition of Plucinski in a telephone conference with

**25**

sanctions, there is no self-executing provision for orders
compelling discovery.  Plaintiff should have submitted a motion
to compel discovery if he in any way was impeded in complying
with the Rules of Civil Procedure or orders of the court.[11]

    Plaintiff has failed to make appropriate Rule 26(a)(2)
disclosures with regard to each of his expert witnesses.  Even
now, expert reports have not been provided for Cady or King, and

---

defense counsel and the court on December 1, 2004, and the court
subsequently determined that the portion of the magistrate
judge's order of November 19, 2004, directing defendant to
produce that witness was substantially complied with.  (July 26,
2005 order at 16.)  The court also recognized that it lacked the
authority to compel the appearance of Adams, who the parties were
aware was not an employee of defendant during the relevant
period, and who resides outside of the jurisdiction.  (Id. at
18.)

[11]    The magistrate judge admonished defendant and deemed
its objections to plaintiff's evidence untimely because defendant
did not file motions to compel production of the expert witness
reports, documentary evidence, or evidence of damages (December
1, 2004, order at 8, 15), which defendant argues is inconsistent
with her November 19th order, wherein she, together with imposing
other sanctions, ordered defendant to make witnesses Charles
Adams and Bill Plucinski available for deposition despite
plaintiff's never having filed a motion to compel.  Plaintiff
argues that though he had filed no motion to compel, the
magistrate judge is justified in having ordered Plucinski and
Adams produced because defendant was obligated to produce
Plucinski and Adams by two prior court orders.  The orders to
which plaintiff refers, dated August 5, 2004, and August 12,
2004, did not specifically address the production of Plucinski or
Adams, and were in fact addressed to both plaintiff and
defendant.  In the August 5, 2004, order, the parties both were
"cautioned that they must comply with the schedule ... and that
failure to do so may result in sanctions..."

the reports furnished for Selby, on September 15, 2004, and Diaz, apparently sometime after November 24, 2004, were untimely. Nevertheless, the plaintiff made known at least the identity of his experts, Selby, Diaz, Cady and King, at an earlier stage of discovery, and provided some brief though incomplete information related to the possible testimony of those witnesses during discovery.  Although defendant's objections with respect to plaintiff's experts are sustained, the court will nevertheless provide at the conclusion of this order for a brief extension of discovery in which the defendant may take the depositions of those four experts and for plaintiff to call one or more of them as witnesses at trial, provided that an expert report for each of them, if not already given to defendant, is furnished promptly.

C.      **Evidence of Damages**

Defendant asserts that plaintiff has not identified any damages to be claimed at trial, and that the magistrate judge thus abused her discretion in not striking evidence of undisclosed damages.

Pursuant to Rule 26(a)(1)(C), the parties should provide to one another, without awaiting a discovery request:

> a computation of any category of damages
> claimed by the disclosing party, making
> available for inspection and copying as under
> Rule 34 the documents or other evidentiary
> material, not privileged or protected from
> disclosure, on which such computation is
> based, including materials bearing on the
> nature and extent of injuries suffered...

As earlier noted, the court's May 12, 2003, order and notice set the deadline for Rule 26(a)(1) disclosures for June 30, 2003.

Plaintiff has argued that defendant's objection is untimely and waived.  As fully discussed above, Rule 37(c)(1) contains a self-executing provision for the exclusion of materials not properly disclosed under Rule 26(a).  The objection is not deemed waived.  Thus, plaintiff's response to defendant's interrogatory responses indicating only that he incurred attorney fees and has suffered emotional distress, annoyance, aggravation, and inconvenience, without computation or documentation, is insufficient.  Plaintiff has failed to make appropriate disclosures under Rule 26(a)(1)(C) with regard to his damages.

## IV.

The facts before the United States Magistrate Judge were essentially undisputed, and her factual findings are not clearly erroneous, except to the extent plaintiff's failures are factually grounded on "substantial justification."  Plaintiff did not challenge defendant's assertions as to the timing of his

disclosures.  Rather, he argued that defendant did not attempt to depose his witnesses or otherwise seek an order compelling discovery, that his tardiness directly resulted from defendant's discovery violations and failures to cooperate, and that the late nature of his disclosures was harmless.

As fully discussed above, however, the provisions of Rule 37(c)(1) for failure to disclose pertinent information are self-executing, and defendant was entitled to prompt disclosure of that information early in the discovery process as well as to timely supplements as new information became available, without having to file discovery motions.  Plaintiff's duty to disclose exists independently, and he cannot rely on defendant's recalcitrance alone to excuse his own failures.  Furthermore, it cannot be said that deliberate withholding of voluminous witness information and other material is harmless, in the face of a rule touting the importance of its speedy exchange.  To the extent the magistrate judge found substantial justification for plaintiff's failure to disclose, the order is deemed contrary to law.[12]

V.

_____

[12]    "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  <u>World Wrestling Fed. Entm't, Inc. v. William Morris Agency, Inc.</u>, 204 F.R.D. 263, 264 (S.D.N.Y. 2001) (citations omitted).

It is accordingly ORDERED that the magistrate judge's December 1, 2004, order be, and it hereby is, affirmed to the extent that it determined that the nine attorneys first disclosed on August 24, 2004 – Bucci, Fitzsimmons, Stowers, Tiano, Warner, Garnes, Losey, Chiartas, and Thompson – were not "experts" and that expert reports were thus not required for them.[13]

It is further ORDERED that the magistrate judge's order be, and it hereby is, set aside and vacated to the extent that it failed to exclude the nineteen individuals first identified on August 24, 2004, twenty-two days prior to the close of discovery, for untimely disclosure.  Those witnesses – Mr. Hively, Ms. Hively, Ms. Kimberly Adkins, Mr. Adkins, Ms. Teresa Adkins, Ms. Hawkins, Mr. Hawkins, Ms. Dehart, Mr. Conley, and Mr. Holstein, together with the nine attorneys named in the previous paragraph – are deemed untimely disclosed as fact witnesses inasmuch as plaintiff has failed to offer substantial justification for their initial identification just twenty-two days prior to the close of discovery.

---

[13]     These nine were among 15 attorneys listed in plaintiff's Rule 26(a)(3) disclosures as witnesses who also would serve as "experts."  The magistrate judge ordered two of the remaining six, Hicks and Curnutte, excluded as untimely disclosed.  In objecting to the magistrate judge's order, defendant did not take exception to the remaining four – Lay, Duncan, Jenkins, and Biddle.

It is further ORDERED that the magistrate judge's order be, and it hereby is, affirmed with regard to the eight individuals first named in plaintiff's Rule 26(a)(3) disclosures on November 5, 2004 – Hicks, Curnutte, Plucinski, Adams, Pascheiweiz, Rohrer, Baker, and Davis – inasmuch as defendant did not object to the order in this respect.  Accordingly, the testimony of Curnutte and Hicks is excluded from the trial of this matter, and the testimony of the remaining six is permitted.

It is further ORDERED that the magistrate judge's order be, and it hereby is, affirmed with regard to plaintiff's identification of exhibits to be used at trial, inasmuch as plaintiff disclosed his planned exhibits in his portion of the proposed pretrial order, filed November 11, 2004, and defendant did not object to the magistrate judge's order in this respect.

It is further ORDERED that the magistrate judge's order be, and it hereby is, nominally set aside and vacated to the extent that defendant's motion to exclude experts Selby, Diaz, King and Cady was denied.  It is further ORDERED that the period of discovery be reopened and extended to August 31, 2005, for the limited purpose of permitting the defendant to take the depositions of Selby, Diaz, King and Cady and that plaintiff be permitted to call one or more of them as witnesses at trial,

provided that an expert report for any such witness, if not already given to defendant, is furnished by August 4, 2005.[14]

It is further ORDERED that the magistrate judge's order be, and it hereby is, nominally set aside and vacated to the extent that defendant's motion to exclude evidence of damages was denied.  Plaintiff's failure to comply with Rule 26(a)(1)(C) relating to damages may be cured, however, by compliance therewith by August 4, 2005.

For the reasons set forth herein, the following fact witnesses named in plaintiff's Rule 26(a)(3) disclosures are deemed excluded:

1. Guy R. Bucci, Esq.
2. Robert P. Fitzsimmons, Esq.
3. Phillip M. Stowers, Esq.
4. William M. Tiano, Esq.
5. Robert B. Warner, Esq.
6. Charles K. Garnes, Esq.
7. Robert M. Losey, Esq.
8. Gregory B. Chiartas, Esq.
9. Richard Thompson, Esq.
10. Deborah A. Hively
11. William Hively
12. Kimberly Hively
13. O'Dell Adkins

---

[14]     Defendant filed, on December 7, 2004, its motion in limine to limit the number of expert witnesses presented by the plaintiff.  Defendant argues that the testimony of Diaz, King and Cady is "cumulative, repetitive, and a waste of judicial time," and suggests that Diaz, the only one of the three from whom a written report was received, should be the only one allowed to testify.  Nothing contained herein should be construed as a ruling on the merits of that motion, which remains pending and is set for hearing at 1:30 p.m. on August 5, 2005.

         14.  Teresa Adkins
         15.  Rita F. Hawkins
         16.  J.R. Hawkins
         17.  Nora Ellen Dehart
         18.  John R. Conley, Jr.
         19.  Joe Holstein
         20.  Frank Curnutte, Esq.
         21.  Kenneth P. Hicks, Esq.

The following seventeen fact witnesses disclosed in plaintiff's

Rule 26(a)(3) disclosures are permitted to offer testimony[15]:

         1.   Leslie Joe Nance
         2.   Debra Nance
         3.   Lisa Cordell
         4.   Trooper J. Pace
         5.   Officer Michael Broughton
         6.   Hon. Martha L. Brown
         7.   Hon. Gregory A. Lay
         8.   Hon. Robert F. Duncan
         9.   Hon. Chris Jenkins
         10.  Margie Thomas, or a representative of the
              former West Virginia Workers' Compensation
              Commission
         11.  Todd Biddle, Esq.
         12.  Mike Pascheiweiz
         13.  Charles Adams
         14.  Bill Plucinski
         15.  Beverly Rohrer
         16.  Steve Baker
         17.  C. William Davis, Esq.

The following four expert witnesses are conditionally permitted

as set forth at pages 31 and 32, supra:

         1.   Daniel Selby
         2.   Roger Diaz
         3.   Vincent King
         4.   Tom Cady

---

    [15]    There is no objection to the first eleven in this list
except that plaintiff has objected to certain anticipated
testimony of Brown, counsel for defendant in the underlying case,
and Lay, counsel for then defendant Nationwide in the underlying
case

It is further ORDERED that lead counsel appear for a conference and hearing to be conducted by the court at 1:30 p.m. on August 5, 2005.  At that time, the court will also consider any request that a limited number of the 21 excluded fact witnesses, except for Curnutte and Hicks, be permitted to testify.  To the extent any such request is granted, any such witness will be subject to discovery by August 31, 2005.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 28, 2005

John T. Copenhaver, Jr.
United States District Judge