```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**LESLIE JOE NANCE,**

    Plaintiff

v.                                    Civil Action No. 2:02-0266

**KENTUCKY NATIONAL
INSURANCE COMPANY**

    Defendant

<u>MEMORANDUM ORDER</u>

This matter is before the court on plaintiff's motion <u>in limine</u> to preclude evidence that Nationwide was a party in this action and that plaintiff settled with Nationwide ("Mot. No. 1"), and plaintiff's motion <u>in limine</u> to preclude evidence of Nationwide's conduct in the underlying claim ("Mot. No. 2."), both filed November 24, 2004.

Plaintiff argues that evidence of Nationwide's conduct, or even that Nationwide was a party to this action, is irrelevant to the determination of whether defendant acted in bad faith (Mot. No. 1 ¶ 7; Mot. No. 2 ¶ 6); and further that such evidence is "highly prejudicial to the plaintiff" (Mot. No. 1 ¶ 11; Mot. No. 2 ¶ 10.)  He does not offer any reason that the evidence

itself is prejudicial, but does assert that the admission of evidence related to Nationwide would confuse the jury and force plaintiff to "justify" his dealings with that company.  (Mot. No. 1 ¶ 13; see also Mot. No. 2 ¶ 12.)  He states that he would be "required to establish that Nationwide also acted improperly in the handling of the underlying claim[,]" and would be "forced to litigate all of the issues with respect to Nationwide."  (Pl. Reply ¶¶ 13-14.)

Defendant, distinguishing this civil action from the underlying case, responds that it has "no objection to the preclusion of any and all evidence, testimony and/or argument that Nationwide Insurance Agency, Inc., was a defendant in [this] action and that the plaintiff and Nationwide . . . entered into a settlement agreement" herein.  (Def. Resp. No. 1 at 1-2.)  It states that it does not intend to introduce evidence about the conduct of Nationwide, but that evidence related to the availability of uninsured motorist coverage from Nationwide is relevant to the value of plaintiff's claims that were at issue in the underlying action.  (Def. Resp. No. 2 at 1-2.)  Defendant represents that it intends to offer evidence of settlement amounts paid by Liberty Mutual Insurance Company, Nationwide, and

defendant totaling $160,000 in the underlying action.[1]

Defense counsel represented at the pretrial conference conducted November 24, 2004, that its coverage for the underlying claim was on the same "layer" as that afforded by Nationwide, and that the jury should be made aware that insurance proceeds were available from a source other than defendant.[2] At that conference, plaintiff's counsel expressed concern that defendant would argue that plaintiff accepted Nationwide's offer of settlement because his claim was worth only $50,000, but that plaintiff actually entered into the settlement agreement because he had been "jerked around."

The availability of the Nationwide coverage, together with the ultimate settlement amount, may have some probative

---

[1] Plaintiff received payments of $50,000 from Liberty Mutual; $60,000 from defendant; and $50,000 from Nationwide in settlement of the underlying action. Plaintiff later received a settlement payment of $75,000 from Nationwide in satisfaction of his bad faith claims asserted against that former defendant in this action. The admission of evidence related to the $75,000 is not at issue, inasmuch as defendant has indicated that it does not intend to offer evidence of that settlement.

[2] Plaintiff held an uninsured/underinsured policy of insurance through Kentucky National, and another through Nationwide. These policies were issued with respect to plaintiff's personal vehicles. Both were secondary to a policy of insurance issued by Liberty Mutual Insurance Company to SuperValu, Inc. for the tractor-trailer plaintiff was driving at the time of the underlying accident.

value for the jury relating to Kentucky National's evaluation of the claim, inasmuch as the policies of defendant and Nationwide were commensurately subordinate to that of Liberty Mutual, and defendant and Nationwide settled close in time to one another. Because the conduct of Nationwide is not at issue, it is unlikely that the jury would be confused by evidence related to the settlement amount.  To the extent that plaintiff wishes to offer justification of its choice to enter into the settlement agreement with Nationwide, the necessary evidence should not be so extensive as to result in a waste of time or judicial resources.

It is accordingly ORDERED that plaintiff's motion <u>in limine</u> to preclude evidence that Nationwide was a party in this action and that plaintiff settled with Nationwide in the amount of $75,000 be, and it hereby is, granted.  It is further ORDERED that plaintiff's motion <u>in limine</u> to preclude evidence of Nationwide's conduct in the underlying claim be, and it hereby is, granted insofar as it seeks exclusion of evidence related to Nationwide's conduct, and denied to the extent plaintiff seeks exclusion of evidence related to the availability of the coverage and of the $50,000 settlement amount paid to plaintiff on the underlying claim.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 26, 2005

John T. Copenhaver, Jr.
United States District Judge